# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> RHONDA LEE WRIGHT, <br><br> Defendant/Movant. | CR 13-103-GF-BMM <br><br> **ORDER** |

This case comes before the Court on Defendant/Movant Rhonda Lee Wright's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Attorney Carl Jensen was retained to represent Wright while she was pursuing direct appeal. *See* Notice of Appearance (Doc. 64). Jensen is now acting for Wright, by retainer or pro bono, on the § 2255 motion.

It generally would be inadvisable for the attorney who represented the defendant at trial, at sentencing, or on direct appeal to file a § 2255 motion for the client. A § 2255 motion typically presents a defendant's first and last opportunity to raise and develop an evidentiary record on any matter not previously presented for judicial review. Nothing before the Court suggests counsel here performed ineffectively on direct appeal. It cannot be denied, however, that ineffective assistance of counsel represents the principal claim pursued in a § 2255 motion.

1

When appellate counsel undertakes to represent his client on a § 2255 motion, he jeopardizes the defendant's opportunity to raise a claim related to counsel's performance on direct appeal.  *See* 28 U.S.C. §§ 2255(h), 2244(b).  A lawyer acting diligently, honestly, and self-critically nonetheless may miss something important.  And if he misses something, he is likely also to miss the fact that he missed it.

"[A] defendant who can afford to hire counsel may have the counsel of his choice unless a contrary result is compelled by purposes inherent in the fair, efficient and orderly administration of justice."  *United States v. Brown*, 785 F.3d 1337, 1344 (9th Cir. 2015) (internal quotation marks omitted).  A client may choose to waive a potential conflict.  Nothing in the record indicates that Wright has waived any potential conflict presented by Jensen's representation.  A district court is "allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before [hearing], but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the [hearing] progresses." *Wheat v. United States*, 486 U.S. 153, 163 (1988).

The potential conflict of interest between Jensen and Wright seems sufficiently clear to disqualify Jensen from representing Wright in this Court on a § 2255 motion.  *See United States v. Del Muro*, 87 F.3d 1078, 1080-81 (9th Cir.

2

1996) (per curiam); *Manning v. Foster*, 224 F.3d 1129, 1131, 1134-35 (9th Cir. 2000).

Consequently, the Court will not address the motion filed by Jensen. Wright may choose to proceed pro se, or she may appear through other retained or pro bono counsel. She may file an amended motion setting forth all potential § 2255 claims. If an amended motion is not filed, the pending § 2255 motion will be dismissed without prejudice[1] based on counsel's conflict of interest.

Accordingly, IT IS HEREBY ORDERED as follows:

1. On or before **December 2, 2016,** Wright may file an amended motion. Although an amended motion may repeat some or all of the pending § 2255 motion, it may not incorporate any portion of that motion by reference.

2. If Wright does not timely file an amended motion, the pending § 2255 motion filed by Jensen will be dismissed without prejudice.

DATED this 6th day of October, 2016.

Brian Morris
United States District Court Judge

---

[1] The Court will not decide the merits of any claim in or defense to the pending § 2255 motion. As a result, any later-filed § 2255 motion will not be "second or successive" within the meaning of § 2255(h). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *United States v. Lopez*, 577 F.3d 1053, 1062 (9th Cir. 2009). Whether any claim Wright may choose to make will be timely can be decided only if and when she presents her claims. *See* 28 U.S.C. § 2255(f); *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *Mardesich v Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).