**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-103-GF-BMM<br>CV 16-040-GF-BMM |
| Plaintiff/Respondent, | |
| vs. | **ORDER DENYING REMAINING**<br>**CLAIMS AND DENYING**<br>**CERTIFICATE OF**<br>**APPEALABILITY** |
| RHONDA LEE WRIGHT, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Wright's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The Court denied most of Wright's claims on December 13, 2017 (Doc. 108). On January 18, 2018, the United States answered two claims relating to Wright's criminal history category. Wright replied on February 12, 2018.

## I. Remaining Claims Regarding Criminal History Category

Wright alleges that her counsel provided ineffective assistance when he failed to object to the calculation of her criminal history category. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Wright must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a

1

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Wright claims that Presentence Report ¶ 41 and ¶¶ 46 and 49 should have resulted in a total of one point rather than three. If she is correct, her criminal history category is IV, and her advisory guideline range should have been 121 to 151 months instead of 140 to 175 months. "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, __ U.S. __, 136 S. Ct. 1338, 1345 (2016).

### A.  Presentence Report ¶¶ 46 and 49

Counting the points listed in the right margin of the presentence report, Wright earned 11 criminal history points. *See* Presentence Report ¶¶ 41 (1 point), 42 (2 points), 43 (2 points), 45 (1 point), 46 (1 point), 47 (2 points), 49 (1 point), 50 (1 point). She contends the convictions listed in ¶¶ 46 and 49 represent the same conviction. The United States concedes the point. Wright earned ten criminal history points, rather than 11.

### B.  Presentence Report ¶ 41

Wright alleges the convictions listed in Presentence Report ¶ 41 were dismissed after she successfully completed a deferred sentence. *See* Mem. (Doc.

107-1) at 8.

The United States claims that Wright makes her claims "without any evidence." United States Resp. (Doc. 109) at 2. The United States further notes that Wright bears the burden of proof in a § 2255 proceeding, *see id*. at 5 n.2. Nothing requires Wright to submit evidence with her motion. Wright simply must allege facts that are not contradicted by the existing record of the case and that would entitle her, if proved true, to relief. Appointment of new counsel, an opportunity to conduct discovery, and possibly an evidentiary hearing may be necessary when an incarcerated and unrepresented prisoner meets that low standard, unless other fair means of expanding the record and deciding the claim are available. *See, e.g.*, *United States* v. *Rodriguez-Vega*, 797 F.3d 781, 791-92 & n.11 (9th Cir. 2015); *see also* Rules 6(a), 8(c), § 2255 Rules.

The Court believed "[t]he easiest course would be to decide whether Wright can show prejudice sufficient to reduce her criminal history category." Order (Doc. 108) at 12. The Court ordered the United States to investigate whether the Presentence Report correctly counted the conviction and, if so, to "file and serve on Wright competent evidence supporting that conclusion." *Id.* at 13; *see also* Rule 7, § 2255 Rules. For instance, an affidavit from the probation officer who collected and reviewed the records and drafted the report could suffice and might even show whether the question of a deferred sentence came up before the report

was finished.  The United States instead submitted exhibits, *see* Exs. 1-3 (Docs. 109-1, 109-2, 109-3), that have not been authenticated or explained by someone who uses them frequently and understands how they are created and what they mean.

On further review, however, it seems clear, however, that Wright is not entitled to relief.  Assuming, as she says, that she received a deferred sentence, the convictions were later dismissed, and the outstanding bench warrant is invalid or nonexistent or related to something else, Wright would still receive one criminal history point.

> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted.  A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

U.S.S.G. § 4A1.2(f) (Nov. 1, 2013).  The decision to count convictions that result in deferred sentences "reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency."  *Id.* § 4A1.2 cmt. n.9.

Wright does not allege the prosecution was deferred, only that the sentence was deferred.  Assuming the truth of her allegations, the Presentence Report correctly counted the conviction in ¶ 41.  Neither prong of the *Strickland* test is met.

Wright's claims regarding her criminal history category are denied.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), § 2255 Rules. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

All of Wright's claims alleged ineffective assistance of counsel. None of her claims met either prong of the *Strickland* test. Even if Wright suffers from post-traumatic stress disorder, it does not follow that counsel should have moved to withdraw her plea on the grounds that it must have been coerced and involuntary. Wright's conduct and statements provided good reason to believe she was competent and that her plea had been voluntary. The plea agreement was amended before Wright pled guilty in anticipation of the "drugs minus two" guideline amendment, not to correct or fabricate a statutory reference.

At sentencing, counsel had no realistic hope of contesting the drug quantity. It was based on drugs handed to an undercover detective and a co-conspirator's

statements of intent to deliver an additional quantity to the detective. Counsel could not anticipate that Wright's co-defendant would claim all responsibility for the offense. He was sentenced three months after Wright was sentenced in June 2014, and, at any rate, the detective's observations differed from the co-defendant's later statements. The amendment of U.S.S.G. § 3B1.2 did not materially alter the law in the Ninth Circuit, and Wright directly involved herself in arranging and carrying out drug transactions. Wright's issues with statements in the presentence report that did not affect the sentence do not demonstrate a breakdown in her communications with counsel.

Finally, as to criminal history, offenses underlying Washington convictions were "separated by an intervening arrest" and so earned more points. One conviction was mistakenly counted twice. This mistake did not affect Wright's criminal history category. And even if Wright's sentence for New Jersey convictions in 2003 was deferred and the convictions dismissed, one criminal history point was correct under U.S.S.G. § 4A1.1(c).

Reasonable jurists would not find a basis to disagree with the denial of Wright's claims or to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED:

1. Wright's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 102, 107) is DENIED.

2.  A certificate of appealability is DENIED.  The Clerk of Court shall immediately process the appeal if Wright files a Notice of Appeal.

3.  The Clerk of Court shall ensure that all pending motions in this case and in CV 16-40-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Wright.

DATED this 8th day of August, 2018.

Brian Morris
United States District Court Judge